This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DELORES GARCIA,**

Petitioner-Appellant,

v.                                                    **NO. 31,395**

**NEW MEXICO DEPARTMENT OF**
**WORKFORCE SOLUTIONS and**
**JAMES VAN PELT, II, M.D., PhD., P.C.,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Steven L. Bell, District Judge**

Brett A. Schneider
Roswell, NM

for Appellant

Elizabeth Garcia
Albuquerque, NM

for Appellee NM Department of Workforce Solutions

Hinkle Hensley, Shanor & Martin LLP
Albert L. Pitts
Jennifer Heim
Roswell, NM

for Appellee James Van Pelt, II, M.D., PhD., P.C.

**MEMORANDUM OPINION**

**FRY, Judge.**

Appellant appeals from an order of the district court affirming the Department of Workforce Solution's decision to deny her unemployment benefits. We issued a notice of proposed summary disposition proposing to dismiss the appeal for failure to timely file a petition for certiorari. Appellant has filed a motion to extend the time for filing the notice of appeal, which we will construe as a timely memorandum in opposition. Appellees also filed a joint motion in support of dismissal. We have considered Appellant's arguments, and we remain unpersuaded. We therefore dismiss the appeal and deny the motion for extension.

Appellant sought unemployment insurance benefits after she was fired from her job. The New Mexico Department of Workforce Solutions denied the benefits, based on its determination that Appellant had been terminated for misconduct. Appellant appealed to the district court pursuant to NMSA 1978, Section 51-1-8(N) (2004), which provides for an appeal as of right to the district court by means of a petition for a writ of certiorari that the district court is required by statute to grant so long as it is timely. The district court affirmed the decision of the Board of Review in an order filed on June 15, 2011. [RP 383] Appellant then filed a notice of appeal in district court on July 14, 2011. [RP 381] Appellant filed a docketing statement in this Court on August 15, 2011.

Appellant brought this case in district court pursuant to Rule 1-077(L) NMRA, which governs unemployment compensation insurance appeals. Rule 1-077(L) provides that a party aggrieved by the district court's order or judgment may appeal in accordance with the Rules of Appellate Procedure. Rule 12-505 NMRA of the Rules of Appellate Procedure governs this Court's review of decision of the district court brought pursuant to Rule 1-077. Rule 12-505(B) requires a party to seek discretionary review in this Court by filing a petition for a writ of certiorari in this Court within thirty days after entry of the final action by the district court. *See* Rule 12-505(C) NMRA.

Appellant did not file a petition for writ of certiorari within the thirty days of entry of the final order. Rather, she filed a notice of appeal within thirty days and a docketing statement thirty days after that. In *Wakeland v. N.M. Department of Workforce Solutions*, No. 31,031, slip op at 6-22 (N.M. Ct. App. September 27, 2011), we held that a non-conforming document, such as a docketing statement, will be considered as a petition for certiorari where the document provides sufficient information to allow assessment of the merits of the petition and was filed within the time limits for filing a petition for certiorari. In this case, although the docketing statement contains sufficient information to allow us to consider the merits of the petition, it was not filed within the thirty days required for a petition for certiorari.

3

*See* Rule 12-505(C) (stating that a petition for writ of certiorari shall be filed within thirty days after entry of the final action by the district court). We therefore will only excuse the late filing if it was due to unusual circumstances beyond her control. *See Wakeland*, No. 31,031, slip op. ¶ 23.

In her motion for an extension of time, Appellant argues that the failure to timely file a petition for certiorari was due to her attorney's failure to realize that a petition for certiorari needed to be filed instead of a notice of appeal and docketing statement. [MIO 1-2] However, as we noted in *Wakeland*, uncertainty about the proper procedure for seeking review is not an unusual circumstance that will excuse the late filing. *See id.* ¶ 27. As there are no unusual circumstances that would excuse the late filing, we must dismiss this appeal.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

4